# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

04 MAR 15 PH 1:52

U.S. DISTRICT COURT
H.D. OF ALABAMA

APRIL   D.   STAPLES;   MARIO
STAPLES,

      Plaintiffs,

      vs.

WAL-MART STORES, INC.,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

CV 02-B-0931-S

**ENTERED**

MAR 15 2004

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment. (Doc. 24.)[1] Plaintiff April Staples has sued defendant Wal-Mart Stores for damages suffered when she slipped and fell while shopping at defendant's store in Centerpoint, Alabama. Her husband, plaintiff Mario Staples, has joined her case, claiming loss of consortium as a result of Mrs. Staples's injuries. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 24), is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving parties to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving parties is to be believed and all justifiable inferences are to be drawn in their favor. *See id.* at 255. Nevertheless, the non-moving parties need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. <u>STATEMENT OF FACTS</u>

Mrs. Staples and her family went shopping at the Wal-Mart store in Centerpoint, Alabama, on February 13, 2001. (Doc. 24, Ex. 1 at 94, 96-97.) She went to the Fish Department to shop for fish. (*Id.* at 109-10.) After she entered the department, she observed a Wal-Mart employee, whom she came to know as Sharon, and a child splashing water from

2

an aquarium onto the floor. (*Id.* at 116-19.) Mrs. Staples stated that "half the water [in the aquarium] splashed out onto the floor," and that "the floor was soaked." (Doc. 24, Ex. 4 at 3; *see also* Ex. 1 at 256-58.) After waiting a period of time to be served, Mrs. Staples was attended to by another Wal-Mart employee, Dennis, in front of a different aquarium, approximately five feet from the aquarium from which Sharon had splashed the water. (*Id.* at 143-44, 177 and doc. 24, Ex. 2.)[2] Plaintiff testified that she took a half a step back and that she slipped on the water and fell. (*Id.* at 157, 161.)

Plaintiff did not see the water in the spot where she slipped, (*id.* at 160), but she did not look behind her before she stepped back, (*id.* at 161, 283.)[3] She testified that the floor was a neutral color and that it would not have been easy to see water on the floor. (*Id.* at 283.)

_____

[2]The area of the store where plaintiff fell is represented in defendant's Exhibit 2, a drawing, and Exhibit 3, a photograph. (Doc. 24, Exs. 2 and 3.) In Exhibit 2, the area where Sharon and the child splashed the water out of the aquarium is represented by "FW." (*See* doc. 24, Ex. 1 at 110, 114, 116, and Ex. 2.) The area where Dennis and plaintiff were at the time plaintiff fell is represented by "AS" and "D". (*See* doc. 24, Ex. 1 at 144, 157 and Ex. 2.) On the drawing of the area, plaintiff indicated that the water ran in streams in front of the aquariums. (*See* doc. 24, Ex. 1 at 167-68 and Ex. 2.) On Exhibit 3, the photograph, the court assumes that "Sh" indicates Sharon's position when she and the child splashed water out of the aquarium and that "D" indicates Dennis's position when plaintiff fell. (*See* doc. 24, Ex. 3.)

[3]During her deposition, Mrs. Staples's counsel asked her, "*If* you would look back could you see the water on the floor," and "*If* you looked around do you think you could have seen the water that you slipped on?" (*Id.* at 283, 284 (emphasis added).) To which, Mrs. Staples replied, both times, that she would not or could not have seen the water. (*Id.*)

### III. DISCUSSION

Mrs. Staples was the business invitee of Wal-Mart at the time of the incident. Alabama law provides that, with regard to business invitees, a landowner is –

> under a duty to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises were in a dangerous condition, to give sufficient warning so that, by use of ordinary care, [the invitee] could avoid the danger. It is well established, however, that an invitor is not liable for injuries to an invitee resulting from a danger that was known to the invitee or that the invitee should have observed through the exercise of reasonable care. If the danger is open and obvious, the invitor cannot be held liable.

*Ex parte Industrial Distribution Services Warehouse, Inc.*, 709 So.2d 16, 19 (Ala. 1997)(citing *Armstrong v. Georgia Marble Co.*, 575 So.2d 1051, 1053 (Ala. 1991)).

Defendant contends that plaintiffs' claims are due to be dismissed because the water on the floor was an "open and obvious" condition about which it did not have a duty to warn Mrs. Staples. Plaintiffs argue that the water on the floor was not an "open and obvious" condition because the water was not easily visible on the floor while she was standing.

Pursuant to Alabama law –

> A condition is "open and obvious" when it is "known to the [plaintiff] or should have been observed by the [plaintiff] in the exercise of reasonable care." *Quillen v. Quillen*, 388 So.2d 985, 989 (Ala. 1980). "The entire basis of [a store owner's] liability rests upon [its] *superior knowledge* of the danger which causes the [customer's] injuries. Therefore, if that *superior knowledge* is lacking, as when the danger is obvious, the [store owner] cannot be held liable." *Id.* (citation omitted).

*Denmark v. Mercantile Stores Co., Inc.*, 844 So.2d 1189, 1194 (Ala. 2002)(emphasis added). "The basis of the inviter's liability for injuries sustained by the invitee on the premises rests on the [inviter's] *superior knowledge* of the danger, and, as a general rule, he is not liable

4

for an injury to an invitee resulting from . . . a condition which was *as well known* or as obvious *to the invitee as to the inviter* . . . ." *Gray v. Mobile Greyhound Park, Ltd.*, 370 So.2d 1384, 1388 (Ala. 1979)(emphasis added).

The evidence is undisputed that Mrs. Staples saw the water being splashed on the floor in the area where she was shopping. Although she was standing less than two yards away from the aquarium from which she saw Sharon splash a large quantity of water onto the floor, she contends that the water on the floor was not open and obvious condition because she could not have seen the water in the precise spot behind her because of the condition of the floor. A condition is open and obvious if the condition is "as well known or as obvious to the invitee as to the inviter." *Gray*, 370 So. 2d at 1388. Given that Mrs. Staples actually observed the water going onto the floor, nothing in the record indicates that defendant's knowledge of the alleged dangerous condition – the water on the floor – was superior to Mrs. Staples's knowledge of that dangerous condition. Therefore, the court finds, based on the undisputed evidence, that defendant is not liable to Mrs. Staples for her injuries caused by her fall because the dangerous condition that caused her fall was  as well known to her as to defendant.

Because the court finds that defendant is not liable for Mrs. Staples damages, defendant's Motion for Summary Judgment will be granted and plaintiffs' claims will be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law.  An order granting defendant's Motion for Summary Judgment, (doc. 24), and dismissing plaintiff's claims will be entered contemporaneously with this Memorandum Opinion.

**DONE** this _15 th_ day of March, 2004.

*Sharon Lovelace Blackburn*

**SHARON LOVELACE BLACKBURN**
United States District Judge

6